An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARQUION SULLIVAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65366

**FILED**

JAN 1 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Marquion Sullivan contends that the district court erred by denying his petition, in which he claimed that trial counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01507

First, Sullivan claims that trial counsel was ineffective for failing to challenge the admission of his confession to police officers and request defense jury instructions, specifically an instruction regarding his confession, a mere-presence instruction, and a lesser-included-offense instruction for false imprisonment. At an evidentiary hearing on the petition, trial counsel testified that he did not challenge the confession because Sullivan claimed that no conversation took place. Sullivan testified at the hearing and maintained that he said nothing to the police when he was arrested. Trial counsel also testified that he chose not to ask for a jury instruction regarding mere presence because the defense theory was that Sullivan was not present at all, and an instruction on mere presence would have been contrary to that defense. Further, trial counsel believed that an instruction for false imprisonment was not applicable based on the facts adduced at trial. Lastly, trial counsel testified that the given jury instruction regarding Sullivan's confession informed the jury that it could disregard any portion it did not believe and he believed no additional instruction was necessary.

The district court found that trial counsel's decision not to file a motion to suppress Sullivan's confession did not fall below an objective standard of reasonableness as Sullivan testified that a statement never occurred. The district court further found that, by failing to offer defense jury instructions, trial counsel was not deficient because he believed the jury instructions were sufficient and clearly set forth his defense. The district court's findings are supported by substantial evidence and are not clearly wrong, and Sullivan has not demonstrated that the district court

erred as a matter of law. Therefore, we conclude the district court did not err by denying these claims.[1]

Second, Sullivan contends that trial counsel was ineffective for failing to file a written opposition to the State's motion to admit evidence of prior bad acts. At the evidentiary hearing, trial counsel acknowledged that no written opposition was filed but claimed that the parties stipulated to an oral response. Trial counsel further testified that he argued vigorously against the admission of such evidence at a pretrial hearing and that he raised everything at the hearing that he would have raised in a written response. The district court found that trial counsel was allowed to orally present his opposition and legal position, and it concluded that trial counsel was not deficient and that Sullivan failed to demonstrate how a written opposition would have changed the outcome. The district court's findings are supported by substantial evidence and are not clearly wrong, and Sullivan has not demonstrated that the district court erred as a matter of law. Therefore, we conclude the district court did not err by denying this claim.

Third, Sullivan claims that trial counsel was ineffective for failing to raise the issue that Sullivan's due process and equal protection rights were violated when insufficient evidence was presented to the grand jury. The claim raised below, that Sullivan's due process rights

---

[1]While Sullivan mentioned counsel's failure to file a motion to sever, he failed to present any argument or authority on the issue. Therefore, we decline to address this claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

were violated because insufficient evidence was presented to the grand jury, was dismissed by the district court as untimely and waived. The ineffective-assistance-of-counsel claim before this court was not a part of Sullivan's petition for post-conviction relief or the supplements to his petition and was not addressed in the district court's order. Therefore, we need not consider this claim. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means*, 120 Nev. at 1012-13, 103 P.3d at 33.

Fourth, Sullivan contends that trial counsel was ineffective based on a conflict of interest counsel had with a witness at trial. The district court found that Sullivan knowingly and voluntarily waived the conflict and that the witness was canvassed outside the presence of the jury to establish that his testimony would not be improperly influenced. The district court further found that Sullivan failed to establish any prejudice and denied the claim. The district court's findings are supported by substantial evidence and are not clearly wrong, and Sullivan has not demonstrated that the district court erred as a matter of law. To the extent that Sullivan argues that counsel was ineffective for not raising the conflict prior to trial, thereby forcing Sullivan to waive the conflict mid-trial, this issue was not presented in his petition or supplements and was not addressed in the district court's order. Therefore, we need not consider this claim. *See id.*

Fifth, Sullivan claims that trial counsel was ineffective for failing to challenge the sufficiency of the evidence presented at trial and file a motion to set aside the jury verdict based on insufficient evidence. The district court considered the claim raised below, that Sullivan's conviction violated his constitutional rights because there was insufficient

evidence of his guilt, and found that the claim was barred by the doctrine of the law of the case as the issue of insufficient evidence was raised on direct appeal and rejected. The ineffective-assistance-of-counsel claim before this court was not a part of Sullivan's petition for post-conviction relief or the supplements to his petition and was not addressed in the district court's order. Therefore, we need not consider this claim. *See id.*

Sullivan next argues that he is entitled to post-conviction relief due to the cumulative errors of trial counsel. Where, as here, appellant fails to demonstrate any error of counsel, there can be no error to cumulate. We therefore conclude that the district court did not err in denying this claim.

Having considered Sullivan's claims and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                              Cherry

cc:    Hon. Stefany Miley, District Judge
       Bush & Levy, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk